FILED'09 MAY 27 07:57USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                    07-CR-437-BR

        Plaintiff,                       OPINION AND ORDER

v.

RALPH RENE WILLIAMS,

        Defendant.


KARIN J. IMMERGUT
United States Attorney
FREDRIC N. WEINHOUSE
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff

MICHAEL R. LEVINE
1001 S.W. Fifth Avenue
Suite 1414
Portland, OR  97204
(503) 546-3927
        Attorney for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the government's Motion to Amend or to Correct Judgment (#133). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the government's Motion.

## PROCEDURAL BACKGROUND

On November 15, 2007, Defendant Ralph Rene Williams was charged in a one-count Indictment with robbing the U.S. Bank located at 3233 North Lombard, Portland, Oregon, on August 14, 2007, taking approximately $27,976 in United States currency in violation of 18 U.S.C. § 2113(a). On April 7, 2008, a jury found Defendant guilty of the one count.

On October 9, 2008, the Court issued Findings of Fact, Preliminary Order of Forfeiture and Personal Money Judgment, and Final Order of Forfeiture in which the Court ordered the following property of Defendant to be forfeited to the United States:

1. A 1999 Pontiac Grand Am,
2. $7,200 in United States currency, and
3. $2,991.09 seized from Washington Mutual Bank, N.A. acct #XXXXXXX8144.

To the extent it is not otherwise clear from the record, the Court finds Defendant acquired the Pontiac Grand Am vehicle with

2 - OPINION AND ORDER

the funds he stole from U.S. Bank, and the seized currency is a portion of the money Defendant stole from U.S. Bank.

On December 10, 2008, the Court sentenced Defendant to a term of 120 months imprisonment and ordered Defendant to pay restitution to U.S. Bank in the amount of $27,976.00, an amount equal to the sum he stole from the bank. At the sentencing hearing, the Court declined to enter a final order of forfeiture as to the assets noted because the Court questioned whether the amounts derived from those assets could and should be used to offset restitution. The Court directed the parties to confer and to submit a joint status report addressing the interaction between restitution and forfeiture in this matter.

On January 16, 2009, the government filed a Motion to Amend Judgment in which it seeks entry of a final forfeiture order to be included in Defendant's sentence. On April 1, 2009, the Court held oral argument.

At oral argument, the government advised the Court that the Department of Justice "has exercised its discretion and has granted the petition . . . for remission, contingent upon the Court's entry of a final order of forfeiture." According to the government, the effect of its Petition for Remission is that "if the Court enters the final order of forfeiture . . . those funds will be turned over to [U.S. Bank], both the 7200 and 2991 dollars that are already in the possession of the marshal, as

3 - OPINION AND ORDER

well as the proceeds from the sale of the 1999 Pontiac . . . to partially compensate them for the loss incurred from the robbery." Nonetheless, the government also contended the funds paid to U.S. Bank would not reduce Plaintiff's restitution obligation because Plaintiff would owe his restitution obligation to the United States Department of Justice Asset Forfeiture Fund acting as subrogee to U.S. Bank. The Court took the government's Motion under advisement.

## DISCUSSION

As noted, the government contends Defendant is not entitled to a credit against his restitution for any of the forfeited assets, and, therefore, the government requests the Court to enter a final order of forfeiture as to all of the described assets and not to alter the restitution order. Defendant asserts the Court lacks jurisdiction to grant the government's request because Defendant has filed a Notice of Appeal and because the government did not file its Motion within seven days after sentencing. In any event, Defendant also asserts the government's position would violate Plaintiff's rights under the Fifth and Eighth Amendments because the government seeks to require Defendant to pay the same money twice.

### I.   Jurisdiction

As noted, Defendant contends the Court lacks jurisdiction at

4 - OPINION AND ORDER

this stage to enter a final order of forfeiture in this matter under Federal Rule of Criminal Procedure 35(c) because the Court did not do so within 7 days of sentencing. With respect to Rule 35(c), the Court agrees. *See United States v. Penna*, 319 F.3d 509, 511-12 (9th Cir. 2003)("Federal Rule of Criminal Procedure 35(c) states: 'The court, acting *within 7 days* after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.' Fed. R. Crim. P. 35(c)(emphasis added). The district court must correct a sentence within seven days after orally pronouncing it or *else it loses its jurisdiction* to modify the sentence.").

The government contends in the alternative that the Court has jurisdiction to enter a final order of forfeiture under Federal Rule of Criminal Procedure 36, which provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Ninth Circuit has held Rule 36 "is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing." *Id.* at 513 (citing *United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002)). Accordingly, the Court must determine whether its decision at sentencing not to make a final order of forfeiture is the kind of "error" Rule 36 permits the Court to correct.

5 - OPINION AND ORDER

Neither the Court nor the parties have found any Ninth Circuit case deciding this issue. The Court notes other courts in other circuits appear divided as to types of mistakes Rule 36 may correct as summarized in *United States v. 3043 North Kolmar*, No. 05 C 4554, 2006 WL 452421 (N.D. Ill. Feb. 21, 2006).

In *North Kolmar,* the court entered a preliminary order of forfeiture which stated in pertinent part "the order is part of the sentence imposed against defendant . . . and shall be made part of any judgment and commitment entered in this case against him." *Id.* at *1. The judgment, however, did not include a forfeiture provision and when the government sought to bring forfeiture proceedings, the defendant asserted the preliminary order of forfeiture had been extinguished because it was not made part of his judgment and sentence. *Id.* The court reviewed the "disagreement" among the circuits related to the effect of omitting forfeiture from the final judgment and what can be done to address the omission after seven days and noted:

> In *[United States v.]Pease*, [331 F.3d 809 (11th Cir. 2003)], the district court entered a preliminary order of forfeiture at the time of the defendant's plea, but failed to make any mention of forfeiture in the sentencing judgment. . . . The government instituted ancillary proceedings in which the defendant filed a claim. The government moved to strike the defendant's claim and the defendant moved to dismiss the ancillary proceeding. The district court thereafter amended the judgment to include forfeiture and denied defendant's and other parties' claims in the ancillary proceeding. *See id.*, 331 F.3d at 811-12. The Eleventh Circuit held that the judgment could

6 - OPINION AND ORDER

not be modified as a clerical error under Fed. R.
Crim. P. 36 [because] the preliminary order had
not been raised at sentencing. . . . 331 F.3d at
815-16. The Eleventh Circuit held that the
preliminary order expired upon entry of the final
sentencing judgment, the ancillary proceeding had
to be dismissed, and any further forfeiture
proceeding would have to begin anew. *Id.* at 817 &
n. 20.

In *[United States v.] Bennett*, [423 F.3d 271 (3d
Cir. 2005)], the district court entered a
preliminary order of forfeiture. Five months
later, a sentencing judgment was entered which was
silent as to forfeiture. There was also no
mention of forfeiture during the sentencing
hearing. After an appeal was pending, the
government moved for a final order of forfeiture.
The motion was unopposed. More than a month after
the sentencing judgment, the district court
entered a final order of forfeiture. *See id.* at
273-74. Approximately three years later, after
the conviction and sentence had been affirmed on
direct appeal, the district court amended the
sentencing judgment stating it was a Rule 36
correction of a clerical error. *See id.* at 276.
The Third Circuit held that, although not
expressly mentioned at the time of sentencing, the
intention to allow forfeiture was implicit and
therefore this was a clerical error that could be
corrected under Rule 36. *Id.* at 277-82. "Rule 36
generally may not be used to correct the omissions
of the district court itself, but where, as here,
there is no dispute about notice to the defendant,
the court's intent, or the propriety of the
result; where the defendant has in fact stipulated
to the forfeiture; and where the court has already
embodied its intent in an uncontested preliminary
order of forfeiture, its omission of forfeiture in
the final sentence is for all practical purposes
tantamount to a mere clerical error." *Id.* at 282.
In *United States v. Hatcher*, 323 F.3d 666, 673-74
(8th Cir. 2003), the Eighth Circuit also held that
a court that entered a preliminary order of
forfeiture, but failed to mention or include
forfeiture in the judgment at the time of
sentencing, could subsequently enter a final order
of forfeiture as a clerical correction.

7 - OPINION AND ORDER

> In [United States v.] Yeje-Cabrera, 430 F.3d 1, 13-16 [(1st Cir. 2005)], the First Circuit held that the failure to include a final order of forfeiture in the sentencing judgment could be corrected as a clerical error where the court stated at sentencing that forfeiture would be allowed, defendant and third parties had notice of and an opportunity to object to forfeiture, and the defendant never opposed forfeiture. In United States v. Loe, 248 F.3d 449, 464 & n. 55 (5th Cir. 2001), cert. denied, 534 U.S. 974 (2001), the Fifth Circuit held that, where there was no mention of forfeiture in the written sentencing judgment, but a preliminary order of forfeiture had been entered and the court orally stated at sentencing that the property would be forfeited, it was permissible to subsequently correct the written judgment pursuant to Rule 36.
>
> No Seventh Circuit case has been found that addresses the effect of entering a preliminary order of forfeiture and thereafter omitting to include forfeiture in the final judgment entered following sentencing. The Seventh Circuit, however, has held that Rule 36 is limited to clerical errors in transcribing the judgment and does not encompass oversights or omissions by the court in imposing sentence. United States v. Becker, 36 F.3d 708, 709 (7th Cir. 1994); United States v. Daddino, 5 F.3d 262, 264-65 (7th Cir. 1993).

Id. at *2-3. The court then noted a decision of another District Judge in the Northern District of Illinois:

> Judge Moran considered the effect of failing to include forfeiture in the final sentencing judgment. A preliminary order of forfeiture had been entered six months before [the defendant] was sentenced. In his ruling, Judge Moran stated that he believed the facts to be that he had intended to include forfeiture in the final sentencing judgment, but had been awaiting the submission of a revised draft judgment when the final judgment without any forfeiture provision was entered. [The defendant] immediately appealed. Two months later the government moved to correct the judgment

8 - OPINION AND ORDER

> of conviction to include the preliminary order of forfeiture. Judge Moran denied the government's motion to correct the judgment, concluding as follows:
>
>> The rules are not as clear as they might be. Perhaps *Pease* is correct that the forfeiture must be included in the sentencing judgment when a preliminary forfeiture order has previously been entered. But can a sentencing be divided into discrete elements, one determining incarceration and one determining forfeiture? The Eighth Circuit cases suggest that it can; *Petrie* holds that it cannot, even if the judgment indicates that the defendant is subject to forfeiture; and [*United States v. Ferrario-Pozzi*, 368 F.3d 5 (1st Cir.2004)] holds that the forfeiture determination can come later, at least if the forfeiture is referenced in the judgment.
>>
>> I conclude, with considerable uncertainty, that the *Ferrario-Pozzi* approach most accords with reality. The forfeiture is part of the sentence, although the amount has not yet been determined, thus avoiding the claim that there has been a substantive change in the sentence. *See United States v. Kaye*, 739 F.2d 488 (9th Cir. 1984).

*Id.* at *3 (quoting *United States v. Turcotte*, 333 F. Supp. 2d 680, 682-83 (N.D. Ill. 2004)).

Here the Court not only raised the issue of forfeiture and the preliminary entry of the forfeiture order during sentencing, it discussed the issue extensively. Because the Court's intention to allow forfeiture was implicit, Defendant here, as in *Bennett*, had notice that the Court was considering the propriety of forfeiture and the Court's intent to order forfeiture was implicit.

9 - OPINION AND ORDER

The Court adopts the approach of the First, Third, and Eighth Circuits and notes here there is not any dispute about notice to Defendant or the Court's intent as to forfeiture, in addition, the court already "embodied its intent in [a] . . . preliminary order of forfeiture. Accordingly, the Court concludes it has jurisdiction to enter a final order of forfeiture in this matter pursuant to Federal Rule of Criminal Procedure 36.

## II. Merits

As noted, Defendant asserts requiring him to pay the full amount of restitution and to forfeit the assets at issue violates his constitutional rights.

### A. Restitution Generally

The Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, provides for the payment of restitution to crime victims:

> (a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense.

18 U.S.C. § 3664(e) establishes each party's burden of proof as follows:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on

10 - OPINION AND ORDER

the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

**B.   Reduction of restitution by forfeited assets.**

18 U.S.C. § 3664(f)(1)(B) mandates that when determining the amount of restitution, the Court shall not consider "the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source." Nevertheless, § 3664(j)(2)(A) also provides: "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in . . . any Federal civil proceeding."

> As to these provisions, the Ninth Circuit has concluded
>> In its current form, § 3664 directs the court to order restitution of the full amount of a victim's loss without regard to the defendant's economic circumstances and-echoing VWPA § 3663 - without regard to other sources of compensation for the victims. *Any such offsets are instead to be handled separately as potential credits against the defendant's restitution obligation-not as reductions in the amount of that obligation in the first instance.*

*United States v. Bright*, 353 F.3d 1114, 1121 (9th Cir. 2004) (emphasis added).

In *Bright*, the defendant pled guilty to five counts of mail fraud. In the course of the investigation, United States

11 - OPINION AND ORDER

Postal Inspection Service agents seized $72,402 in cash from the defendant's home as well as $13,792.60 from the bank account of one of the defendant's companies. The United States Postal Inspection Service subsequently forfeited the $86,194.60 in seized funds. *Id.* at 1117. At sentencing, the defendant asked the court to deduct the amount forfeited by the USPS from the amount of his restitution and the district court refused. *Id.* The Ninth Circuit concluded the district court "did not err in refusing to deduct from the total loss amount the $86,194 the federal agents initially seized and later forfeited." *Id.* at 1119. The court noted "the district court was required in the first instance to set the amount of [the defendant's] restitution obligation based on his victims' collective losses and without regard to forfeited funds - whether or not any of those funds had been turned over to the victims." *Id.* at 1121. The Ninth Circuit concluded

> whatever offsets might be due when a defendant's funds have been forfeited and paid to the victims - an issue we do not decide - the MVRA provisions above make clear that funds the victims have not received cannot reduce or offset the amount of losses the defendant is required to repay. . . . As to crimes covered by the MVRA, therefore, the MVRA has *eliminated whatever discretion district courts previously had under the VWPA to include offsets for forfeited funds that have not been restored to victims.* Accordingly, the district court did not err in rejecting [the defendant's] requested offset here.

*Id.* at 1122-23 (citations omitted). Emphasis added.

12 - OPINION AND ORDER

Similarly in *United States v. Doe*, 374 F.3d 851 (9th Cir. 2004), the defendant was indicted for securities fraud and other offenses in the District of Nevada, the Western District of Michigan, and the District of Utah, and pled guilty to all three sets of charges. *Id.* at 852. On appeal the defendant challenged the district court's failure to deduct from the restitution assessment the value of a residence that Doe purchased with proceeds from the Nevada conspiracy and that was forfeited pursuant to the plea agreement. *Id.* at 855. The Ninth Circuit concluded the district court did not err reasoning

> *Bright* leaves open the possibility that disbursements to victims from forfeited funds could be construed as "compensatory damages" within the meaning of the statute. It makes clear, however, that offsetting a restitution order by the value of forfeited funds is not permitted where victims have not received compensation from those funds. Here, [the defendant] has not alleged that any proceeds from the forfeiture of his Las Vegas home were distributed to victims.

*Id.*

In *United States v. Boulware*, the defendant was convicted of five counts of filing false tax returns, four counts of tax evasion, and one count of conspiracy to make false statements to a federally-insured financial institution. 384 F.3d 794, 798 (9th Cir. 2004). On appeal, the defendant contended, among other things, that the district court's forfeiture order was erroneous because it did not give him credit

13 - OPINION AND ORDER

for funds he returned to the lender. *Id.* at 813. The Ninth Circuit concluded the district court did not err reasoning "that defendant may be required to pay restitution and forfeit the same amounts indicates that Boulware is not entitled to receive a credit for funds he returned." *Id.* (citing *Bright*, 353 F.3d at 1114; *United States v. Feldman*, 853 F.2d 648, 663-64 (9th Cir. 1988)). The court noted

> [t]he criminal forfeiture statute contains nothing comparable to the civil forfeiture statute's provision that "[i]n cases involving fraud in the process of obtaining a loan or extension of credit, the court shall allow the claimant a deduction from the forfeiture to the extent that the loan was repaid, or the debt was satisfied, without any financial loss to the victim."

*Id.* at 813-14 (quoting Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 981(a)(2)(C)).

As noted, the Attorney General has agreed here to exercise discretion and to remit the forfeited funds to U.S. Bank after the Court enters a final order of forfeiture. Although it is clear from *Bright, Doe,* and *Boulware* that the Court may not offset the restitution order by the amount of forfeited funds when the victim has not yet received compensation from those funds, these cases leave open whether forfeited funds that are disbursed to the victim may be construed as "compensatory damages" that may be credited against Defendant's total restitution obligation.

14 - OPINION AND ORDER

## C. Subrogation of the forfeited assets by the government.

According to the government, the forfeited funds paid to the victim may not reduce Defendant's full restitution obligation because the same restitution obligation would then be owed in full to "a different party that would be entitled to recover, . . . the United States Department of Justice Asset Forfeiture Fund."

At oral argument, the government conceded it could not cite a case in which the government actually collected illegally obtained funds from a defendant twice: once in forfeiture and once in restitution when the government had paid the forfeited funds the defendant's victims. Rather, the government relies on *Bright, Feldman,* and 18 U.S.C. § 3664(j)(2) to support its contention that requiring a potentially double payment is permissible.

The Court concludes these cases are distinguishable.

In *Bright*, the forfeited funds were not available to be paid to the victims in restitution. Nevertheless, the defendant asked the court to reduce his restitution by the amount of forfeited funds. As noted, the Ninth Circuit concluded "the district court was required in the first instance to set the amount of [the defendant's] restitution obligation based on his victims' collective losses and without regard to forfeited funds - whether or not any of those funds had been turned over to the

15 - OPINION AND ORDER

victims." 353 F.3d at 1122. The court then addressed whether the district court was "required to credit the forfeited funds against the restitution obligation." *Id.* The court noted the MVRA does not specifically mention forfeited funds, but two provisions of the MVRA are "particularly relevant to the issue of offsets": § 3664(j)(1) and (2). As noted, § 3664(j)(2)(A) provides: "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in . . . any Federal civil proceeding." The Ninth Circuit concluded § 3664(j)(2)(A) did not apply because it "comes into play only after the district court has already ordered restitution in the full amount" and "even assuming the government's forfeiture of [the defendant's] funds could be construed as 'compensatory damages,' . . . those funds have not been transferred to any of the victims." *Id.* Here, unlike in *Bright*, the Attorney General has agreed to transfer the forfeited funds to U.S. Bank. Under these circumstances, *Bright* suggests the Court may construe the transferred funds as "compensatory damages" under § 3664(j)(2).

As the *Bright* court noted, however, § 3664(j)(1) provides that if, at the time of the restitution order, "[a] victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to

16 - OPINION AND ORDER

provide the compensation." The Ninth Circuit questioned whether this "proviso would encompass forfeited funds," but concluded even if it did, it would not apply because "the government would step into the victim's shoes as a subrogee of their restitution claims against [the defendant]." *Id.* According to the government, therefore, even if the Court construed the forfeited funds provided to U.S. Bank as compensatory damages, the Court may not reduce Defendant's restitution because Defendant would instead owe those same funds back to the government. The Court notes, however, the *Bright* court did not decide § 3664(j)(1) applied to forfeited funds that were the stolen property of the victim. In *Bright,* it was clear that the government would not provide the forfeited funds to the defendant's victims and court's statement regarding subrogation is *dicta* limited to the particular circumstances of that case.

In *Feldman*, the defendant was convicted of several crimes including violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c). 853 F.2d at 652. The jury returned a special verdict of RICO forfeiture in the amount of $1,986,990. The court sentenced the defendant to concurrent ten-year term of imprisonment and a term of five years probation and ordered the defendant to make restitution to his victims in the amount of $1,986,990. *Id.* The defendant appealed alleging, among other things, that the order to forfeit

17 - OPINION AND ORDER

$1,986,990 and to pay restitution in the same amount in combination with his concurrent ten-year terms of imprisonment constituted cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at 663. The court concluded the amount forfeited was not excessive and the fact that the defendant also had to pay restitution did not make his punishment excessive. *Id.* at 663-64. Accordingly, the Ninth Circuit concluded the defendant's sentence did not violate his rights under the Eighth Amendment. Notably, there was not any indication in *Feldman* that the government paid the defendant's victims the proceeds of the forfeiture or that the government intended to do so. Accordingly, *Feldman* does not provide the Court with guidance regarding the interplay of forfeiture and restitution when the government has agreed to turn the forfeited funds over to the victim.

Moreover, the government's status here as "subrogee" to the bank's restitution rights differs from that of an insurer who pays insurance funds to a victim who purchased insurance against a risk that certain property might be stolen. Here, the forfeited currency **is** the property Defendant stole from the bank and the forfeited vehicle is merely an asset Defendant acquired with some of the stolen funds. None of the forfeited property in this case represents any profit or gain over the value of that which Defendant stole in the first place.

18 - OPINION AND ORDER

Thus, on this record, the Court concludes it is not within the intent of the MVRA to require Defendant effectively to pay the same funds "twice" when the government has agreed to turn over the forfeited funds and the proceeds from the sale of the vehicle to the victim. Accordingly, the Court grants in part and denies in part the government's Motion to Amend or to Correct Judgment and directs the government to provide an amended form of Judgment for the Court to enter to make a final order of forfeiture as follows:

1. Forfeiting all right, title, and interest to a 1999 Pontiac Grand Am, VIN 1G1NW52E6XM790972; $7,200 in United States currency; and $2,991.09 seized from Washington Mutual Bank, N.A. acct #XXXXXXX8144 and vesting same in the United States of America;

2. Directing the United States Marshal for the District of Oregon to transfer custody of the property to the Attorney General of the United States for disposition in accordance with the law;

3. Directing the government to notify the Court each time it remits any net proceeds from the sale of the vehicle and/or the forfeited funds to the victim, U.S. Bank; and

4. Providing that each time the government remits any funds hereunder to the victim, the Court will construe

the funds paid to the victim as compensatory damages and enter a credit against Defendant's restitution obligation in the amount paid to the victim.

The Court, however, declines to enter an order amending the personal money judgment previously entered by this Court as requested by the government.

## CONCLUSION

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the government's Motion to Amend or to Correct Judgment (#133) and **DIRECTS** the government to submit no later than June 1, 2009, a form of Amended Judgment as provided herein.

The Court also **DIRECTS** the government to provide U.S. Bank with a copy of this Opinion and Order.

IT IS SO ORDERED.

DATED this 26th day of May, 2009.

ANNA J. BROWN
United States District Judge